UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN C. SMITH,<br><br>            Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | Case No. ED CV 07-1135 JC<br><br>MEMORANDUM OPINION AND<br>ORDER OF REMAND |

### I. SUMMARY

On September 14, 2007, plaintiff Robin C. Smith ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have filed a consent to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; September 18, 2007 Case Management Order, ¶ 5.

///

1  Based on the record as a whole and the applicable law, the decision of the
2  Commissioner is REVERSED AND REMANDED for further proceedings
3  consistent with this Memorandum and Opinion and Order of Remand because the
4  determination by the Administrative Law Judge ("ALJ") that plaintiff could
5  perform her past relevant work is not supported by substantial evidence in the
6  record.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On January 20, 2005, plaintiff filed an application for supplemental security income ("SSI") benefits.[1]  (Administrative Record ("AR") 12, 42, 43).  Plaintiff asserted that she became disabled on February 1, 1995,[2] due to diabetes, arthritis and depression.  (AR 156, 161).  The ALJ examined the medical record and heard testimony from plaintiff (who was represented by counsel) on March 21, 2007.  (AR 409-418).

///
///

---

[1] Although the January 20, 2005 application does not appear to be in the record, the filing date is undisputed.  (Plaintiff's Motion at 1; Defendant's Motion at 2).

[2] Although the ALJ and the parties refer to an onset date of December 1, 2002 (AR 12; Plaintiff's Motion at 1; Defendant's Motion at 2), plaintiff's disability report reflects an onset date of February 1, 1995.  (AR 156).   Irrespective of the actual alleged onset date, the effective onset date in supplemental security income cases is the date the application was filed – here, January 20, 2005 – because social security income is not payable for a period prior to the claimant's application.  See Meraz v. Barnhart, 300 F.Supp.2d 935, 940 n.4 (C.D. Cal. 2004) ("SSI benefits are not payable for a period prior to a claimant's application.") (citing 20 C.F.R. § 416.335; Torres v. Chater, 125 F.3d 166, 171 n.1 (3d Cir. 1997) (plaintiff alleged onset date of May 7, 1999, but did not file application under consideration until December 27, 2000)); see also 20 C.F.R. § 416.335 ("When you file an application in the month that you meet all the other requirements for eligibility, the earliest month for which we can pay you benefits is the month following the month you filed the application.  If you file an application after the month you first meet all the other requirements for eligibility, we cannot pay you for the month in which your application is filed or any months before that month."); 20 C.F.R. § 416.501 (payment of benefits may not be made for any period that precedes the first month following the date on which an application is filed).

On April 6, 2007, the ALJ determined that plaintiff was not disabled through the date of the decision.[3] (AR 10-17). Specifically, the ALJ found: (1) plaintiff suffered from the following severe physical impairments: insulin-dependent diabetes mellitus and a history of deep vein thrombosis with continued use of Coumadin (AR 14);[4] (2) plaintiff did not suffer from a severe mental impairment (AR 14-15); (3) plaintiff's impairments, considered singly or in combination, did not meet or medically equal one of the listed impairments (AR 15); (4) plaintiff could perform medium work[5] (AR 15) (citing AR 373) (adopting consultative examiner's opinion);[6] and (5) plaintiff could perform her past relevant work as a self-employed child caregiver (AR 17).

The Appeals Council denied plaintiff's application for review. (AR 5-7).

---

[3]The ALJ acknowledged that plaintiff had filed multiple prior applications and that such applications had been denied in final determinations of the Commissioner. (AR 12).

[4]Although a prior Administrative Law Judge found that plaintiff had no severe physical impairment, the ALJ here did not give such determination preclusive effect, finding instead that plaintiff did suffer from the above-stated severe physical impairments.

[5]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, the Administration deems such claimant able to do sedentary and light work. See 20 C.F.R. § 416.967(c). SSR 83-10 instructs:

> A full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday in order to meet the requirements of frequent lifting or carrying objects weighing up to 25 pounds. As in light work, sitting may occur intermittently during the remaining time. Use of the arms and hands is necessary to grasp, hold, and turn objects, as opposed to the finer activities in much sedentary work, which require precision use of the fingers as well as use of the hands and arms.

See SSR 83-10.

[6]Specifically, the ALJ determined: (i) plaintiff could lift and/or carry 25 pounds frequently and 50 pounds occasionally; (ii) out of an 8-hour period, plaintiff could sit, stand, and/or walk for 6 hours each; and (iii) in terms of nonexertional limitations, plaintiff could not working at heights or around dangerous, unguarded moving machinery because of her insulin use. (AR 15-16).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that she is unable to engage in any substantial gainful activity by reason of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least twelve months. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work she previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit her ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

(4) Does the claimant possess the residual functional capacity to perform her past relevant work?[7] If so, the claimant is not disabled. If not, proceed to step five.

///

---

[7] Residual functional capacity is "what [one] can still do despite [ones] limitations" and represents an "assessment based upon all of the relevant evidence." 20 C.F.R. § 416.945(a).

1    (5)   Does the claimant's residual functional capacity, when
2          considered with the claimant's age, education, and work
3          experience, allow her to adjust to other work that exists in
4          significant numbers in the national economy?  If so, the
5          claimant is not disabled.  If not, the claimant is disabled.

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five.  Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett); see also Burch, 400 F.3d at 679 (claimant carries initial burden of proving disability).

**B.   Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error.  Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted).  It is more than a mere scintilla but less than a preponderance.  Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'"  Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)).  If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ.  Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

### C. Impact of Prior Decisions

Although the Commissioner may apply res judicata to bar reconsideration of a disability claim with respect to a period during which the Commissioner has already determined that a claimant is not disabled, the Commissioner's authority to apply res judicata to a subsequent unadjudicated period is more limited. Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1995) as amended (1996). A prior final determination that a claimant is not disabled creates a presumption of continuing non-disability with respect to any subsequent unadjudicated period of alleged disability. Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir. 1985); Lyle v. Secretary, 700 F.2d 566, 568 (9th Cir. 1983). The claimant can, however, overcome this burden by proving "changed circumstances," such as the existence of an impairment not previously considered, an increase in the severity of an impairment, or a change in the claimant's age category. See Schneider v. Commissioner, 223 F.3d 968, 973 (9th Cir. 2000) (finding changed circumstances based on worse psychological test scores and diagnosis); Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (attainment of advanced age constitutes changed circumstance precluding application of res judicata to first administrate law judge's ultimate finding against disability because advanced age often outcome-determinative under Medical-Vocational grids); Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir.), as amended (1997) (increased severity of carpal tunnel syndrome and diagnosis of ADHD constitute changed circumstances); Lester, 81 F.3d at 828 (finding two changed circumstances – new allegation of mental impairment not raised in prior application or addressed in prior denial and attainment of age 50); Gregory v. Bowen, 844 F.2d 664, 666 (9th Cir. 1988) (res judicata could not be applied to bar claim since claimant raised psychological impairment not previously considered); Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989) (en banc) (attainment of advanced age constitutes changed circumstance precluding application of res judicata to first administrative

law judge's ultimate finding against disability); Taylor, 765 F.2d at 875 (finding claimant's condition improved rather than deteriorated and claimant failed to show requisite changed circumstances); Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1379-80 (9th Cir. 1984) (finding no changed circumstance).[8]

Even when a claimant has demonstrated changed circumstances and thus overcomes the presumption of continuing non-disability, a prior ALJ's findings concerning the claimant's residual functional capacity, education, and work experience or other findings required at a step in the sequential evaluation process for determining disability, are still entitled to some res judicata consideration in subsequent proceedings. Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988) (rejecting Commissioner's assertion that res judicata should not apply to first ALJ's finding that claimant was unable to perform past work in absence of

---

[8]Social Security Acquiescence Ruling 97-4(9), 1997 WL 742758, generally applies to cases involving a subsequent disability claim with an unadjudicated period arising under the same title of the Social Security Act as a prior claim on which there has been a final administrative decision that the claimant is not disabled. It directs adjudicators of the subsequent claim involving an unadjudicated period, to apply a presumption of continuing nondisability and to determine that the claimant is not disabled with respect to that period unless the claimant rebuts the presumption by showing a "changed circumstance" affecting the issue of disability with respect to the unadjudicated period. It also provides examples of "changed circumstances," which include an increase in the severity of the claimant's impairments, the alleged existence of an impairment not previously considered, and a change in the criteria for determining disability. Acquiescence Ruling 97-4(9) further instructs that if the claimant rebuts the presumption, adjudicators must nonetheless give effect to certain findings contained in the final decision on the prior claim, when adjudicating the subsequent claim. Specifically, adjudicators must adopt a finding of a claimant's residual functional capacity, education, work experience, or other findings required at a step in the sequential evaluation process for determining disability, which was made in the final decision on the prior disability claim with respect to the unadjudicated period unless there is new and material evidence relating to such a finding or there has a been a change in the law, regulations or rulings affecting the finding or the method of arriving at the finding. Acquiescence Rulings are generally binding on all components of the Social Security Administration. 20 C.F.R. § 402.35 (b)(2). Courts generally defer to Social Security Rulings which are binding on the Social Security Administration unless they are plainly erroneous or inconsistent with the Social Security Act or regulations. Holohan v. Massanari, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001); Paxton v. Secretary of Health & Human Services, 856 F.2d 1352, 1356 (9th Cir. 1988).

showing that alleged "new and material" evidence was in fact "new" and not previously presented to first ALJ; holding that because second ALJ failed, <u>inter alia</u>, to afford preclusive effect to prior ALJ's determinations that claimant had residual functional capacity of light work, was of limited education, and was skilled or semi-skilled, second ALJ's decision was not supported by substantial evidence); Social Security Acquiescence Ruling 97-4(9), 1997 WL 742758 (if claimant rebuts presumption of continuing nondisability, adjudicators must adopt prior findings of residual functional capacity, education, work experience, or other findings required at a step in the sequential evaluation process for determining disability, unless there is new and material evidence relating to such finding or there has been change in law, regulations or rulings affecting finding or method of arriving at the finding).

## IV.  DISCUSSION

### A. Remand Is Appropriate Because the Administrative Law Judge's Determination That Plaintiff Could Perform Her Past Relevant Work is Not Supported by Substantial Evidence

#### 1. Pertinent Facts

In a work activity report plaintiff completed on June 9, 2003, plaintiff reported:  Between January 2003 and April 2003, she worked eight hours a day as a caregiver for her three grandchildren, aged 1, 2, and 7.  Plaintiff took care of the children in her home.  She stopped working for reasons unrelated to her medical condition.  (AR 137-45).

On April 11, 2005, plaintiff reportedly told a psychiatrist, Dr. Linda M. Smith, the following:  Plaintiff last worked a couple of months ago.  She worked watching her grandchildren.  The County paid her for this.  She did this work for about two years and stopped because of physical problems.  She got along fair with people at work.  (AR 348).

///

The ALJ found that plaintiff could perform her past relevant work as a self-employed child caregiver, and that such work does not require the performance of work-related activities precluded by her residual functional capacity. (AR 17). As indicated above, the ALJ determined that plaintiff retained the residual functional capacity to perform medium work and more specifically, that she could lift and/or carry 25 pounds frequently and 50 pounds occasionally and could sit, stand, and/or walk for 6 hours each during an 8-hour day, but could not work at heights or around dangerous, unguarded moving machinery because of her insulin use. (AR 15-16). In support of his assessment that plaintiff could return to her past relevant work, the ALJ stated:

> She does have three years of self-employment in 2003, 2004, and 2005 as a child caregiver. I see no documented medically determinable impairment that would prevent that work now. In comparing the claimant's residual functional capacity with the physical and mental demands of this work, I find that the claimant is able to perform it as actually and generally performed.

(AR 17).

### 2. Pertinent Law

The Administration may deny benefits when the claimant can perform the claimant's past relevant work as "actually performed," or as "generally" performed. Pinto v. Massanari, 249 F.3d 840, 845 (2001). Although the claimant has the burden of proving an inability to perform her past relevant work, "the ALJ still has a duty to make the requisite factual findings to support his conclusion." Id. at 844. "To determine whether a claimant has the residual capacity to perform [her] past relevant work, the [Administration] must ascertain the demands of the claimant's former work and then compare the demands with [her] present capacity." Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986). In finding that

an individual has the capacity to perform a past relevant job, the determination or decision must contain the following specific findings of fact: (1) a finding of fact as to the individual's residual functional capacity; (2) a finding of fact as to the physical and mental demands of the past job/occupation; and (3) a finding of fact that the individual's residual functional capacity would permit a return to her past job or occupation. SSR 82-62.

### 3. Analysis

The ALJ in this case stated that he had compared plaintiff's residual functional capacity with the physical and mental demands of the child caregiver job, but did not make the required findings regarding the physical and mental demands of such job either as actually performed by plaintiff or as generally performed. The ALJ cites to no evidence in the record which describes the physical and mental demands of such job either as actually performed by plaintiff or as generally formed. Nor do the parties. The Court has been able to locate no such evidence in the record. The ALJ, for example, did not ask plaintiff to describe the physical and mental demands of the job as she actually performed it. Nor did the ALJ refer to the Dictionary of Occupational Titles (the "DOT"), or any provision thereof regarding the demands of such job as generally performed. Although defendant argues that the ALJ's determination is consistent with the DOT, the Administration's decision must stand or fall with the ALJ's reasoning. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot affirm on the basis of evidence the ALJ failed to discuss); Pinto, 249 F.3d at 847 (court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision").

As the ALJ's determination that plaintiff could perform her past relevant job is not supported by substantial evidence in the record, a remand is appropriate.

## V.     CONCLUSION[9]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[10]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED:   July 7, 2008

                                      /s/
                            Honorable Jacqueline Chooljian
                            UNITED STATES MAGISTRATE JUDGE

---

[9] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. The Court nonetheless notes the following which the ALJ may wish to consider on remand. Plaintiff alleges, inter alia, that this matter should also be reversed or remanded because the ALJ failed to consider:  (1) a January 2, 2003 treating physician opinion (Plaintiff's Motion at 2-3) (citing AR 187); (2) a May 18, 1999 state agency physician opinion (Plaintiff's Motion at 3-5) (citing AR 319); and (3) an October 4, 1999 lay witness statement of plaintiff's son (Plaintiff's Motion at 5-6) (citing AR 119-23). Defendant contends that the ALJ had no obligation to consider and discuss the aforementioned evidence because it predates the relevant period in issue and covers another period for which the Commissioner previously found plaintiff not disabled. (Defendant's Motion at 3-4). Although defendant's position makes some sense and has superficial appeal, it is not clear to the Court that it is correct. More specifically, it is not clear to the Court that the ALJ was not required to consider and discuss the referenced evidence at least where, as here, the ALJ has not incorporated the prior decisions and has instead declined, at least in part, to give such prior decisions preclusive effect as to the current period in issue. See 20 C.F.R. § 416.920(a)(3) ("We will consider all evidence in your case record when we make a determination or decision whether you are disabled."); 20 C.F.R. § 416.912(b) (evidence includes anything claimant or anyone else submits to the Administration or that it obtains relating to the claim). It may well be that the ALJ did in fact consider the evidence in issue but determined it had little or no probative value because it did not address plaintiff's condition during the pertinent time period. If that is the case, the ALJ should so state.

[10] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

11